UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLEN DALE OWENS,

    Plaintiff,

v.                                      Case No. 3:18cv2121-RV-HTC

ALECIA K. ENFINGER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Alecia K. Enfinger's motion to dismiss (ECF Doc. 54) Plaintiff Allen Dale Owens' amended complaint asserting claims under 42 U.S.C. § 1983 for failing to provide Plaintiff with adequate medical treatment in violation of the Eighth Amendment. ECF Doc. 23. Upon consideration of the motion, Plaintiff's response (ECF Doc. 67), and the amended complaint (ECF Doc. 23), the undersigned respectfully recommends that Defendant's motion be GRANTED. Notably, Plaintiff has failed to allege facts sufficient to show that Enfinger was deliberately indifferent to a serious medical need. Also, because Plaintiff has already been afforded an opportunity to amend his complaint, the undersigned finds that a second amendment would be futile.

I.      BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Century Correctional Institution ("Century CI"). Plaintiff filed his initial complaint on September 25, 2018, asserting claims against four (4) defendants, including a head nurse he identified as "Nurse A. Craft." ECF Doc. 1. After several delays resulting from Plaintiff's failure to file an adequate motion to proceed *in forma pauperis*, the undersigned screened Plaintiff's initial complaint and determined that it was not sufficient to be served on the defendants. Namely, the complaint was devoid of any facts of wrongdoing against any defendant other than Nurse Craft. Thus, the undersigned afforded Plaintiff an opportunity to file an amended complaint (ECF Doc. 22), which he did on April 16, 2019, asserting claims against only Nurse Craft (ECF Doc. 23).

In the Court's efforts to serve Craft, the Court learned from the FDOC that Centurion (who was the healthcare provider for the FDOC) did not have any employee nurses in Florida by the name of Craft. With the assistance of the FDOC, the Court learned that the "head nurse" who treated Owens and was referenced in his amended complaint as Nurse Craft was actually Nurse Alecia K. Enfinger. Thus, the Court directed that Enfinger be substituted in this action in place of Craft. The

facts below are derived from the amended complaint and, for purposes of this report and recommendation only, are accepted as true.

On Friday, November 4, 2016, Plaintiff slipped and fell in a shower at Century CI. ECF Doc. 23 at 6. Plaintiff landed on his hip and "heard a knock." *Id.* He immediately called out for help because he could not get off the floor. *Id.* Plaintiff's cellmate and another inmate helped Plaintiff get off the floor and took him to see the dorm sergeant, who notified medical staff about Plaintiff's medical emergency. *Id.* Plaintiff was in serious pain and could not walk or stand. *Id.* A nurse arrived with a wheelchair, and the nurse and a staff officer then pushed Plaintiff in the wheelchair to the medical unit. *Id.*

When Plaintiff arrived at the medical unit, Plaintiff "was seen by" three nurses: "R.N. S. Williams," "L.P.N. F. Thomas," and Defendant Enfinger. *Id.* Plaintiff alleges that "[d]uring the medical evaluation stage," Defendant "had knowledge that [Plaintiff] had sustain[ed] damage from the fall in the shower" and "was aware that it was [Plaintiff's] hip because it was painful when [Defendant] touched the area." *Id.* at 7. Plaintiff informed Defendant that he "could not walk nor stand and was in pain," ECF Doc. 67 at 3, and that "it was obvious that [Plaintiff] needed medical attention immediately." ECF Doc. 23 at 7.

Plaintiff alleges that Defendant "disregarded the seriousness of the injury by stating that [Plaintiff] was just faking [his] injury . . . and that [Defendant] see [sic]

nothing with [Plaintiff] and [Plaintiff] would not be admitted in the infirmary and . . . would not get any further treatment other than what [was] prescribed." *Id.* Plaintiff also alleges Defendant "failed to recognize the necessity to follow protocols to contact the [d]octor before making a hasty decision . . . ." ECF Doc. 67 at 4.

Plaintiff was "in pain and . . . continue[d] to ask to be place[d] in the infirmary for further observation," but "[Plaintiff] was refused." ECF Doc. 23 at 7. Plaintiff was then "told to leave medical and was given ibuprofen," as well as "a low bunk pass, lower tier pass, [and] a pass for [an x-ray]." *Id.* Plaintiff was also "force[d] to use a set of crutches." *Id.* Plaintiff then left the medical unit and with the assistance of "Sgt. Anderson," went to the center gate. *Id.* However, once Plaintiff reached the center gate, he "couldn't walk or use the crutches anymore." Plaintiff came in contact with two sergeants who "saw that [Plaintiff] was having trouble with the crutches," then two unknown inmates carried Plaintiff back to the G dorm. *Id.*

Throughout the following day, November 5, 2016, Plaintiff "was still in pain and couldn't use the crutches." *Id.* at 8. Plaintiff "could not use [his] hands or arms," and it was painful for him to use the toilet and shower. *Id.* Plaintiff alleges that the use of the crutches caused nerve damage in both of his arms. *Id.* Plaintiff also asserts that "this nerve damage was eventually diagnosed as neuropathy . . . ." ECF Doc. 67 at 4.

On November 6, 2016, an officer "wheel chaired [Plaintiff] to medical and to the dining hall." ECF Doc. 23 at 8. Plaintiff alleges that Defendant "notified the staff," then "Officer Tucker came over to take the wheelchair." *Id.* Plaintiff "refused and was push[ed] over to medical and was in the infirmary because [Plaintiff] couldn't use the crutches because of the nerve damage under [Plaintiff's] arm caused by those crutches." *Id.*

On Monday, November 7, 2016, Plaintiff went for the x-ray scheduled by Defendant Enfinger, and the x-ray revealed that Plaintiff "had a broke [sic] hip." *Id.* Plaintiff asserts that during the weekend after his fall, Plaintiff "was in excruciating pain up [his] leg physically" and experienced "psychological/emotional trauma, personal humiliation, anxiety, [and] stress . . . ." *Id.* After the x-ray, and on the same day, Plaintiff was "transported by ambulance . . . to Baptist Hospital . . . for surgery." *Id.* Two days later, on November 9, 2016, Plaintiff had a full hip replacement surgery. *Id.*

## II.   LEGAL STANDARD

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). However, "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id*. (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted). However, the duty of a court to construe *pro se* pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## III. DISCUSSION

In her motion, Defendant argues that (1) Plaintiff seeks only compensatory and punitive damages but has failed to show a more than *de minimis* physical injury;[1] (2) Plaintiff has failed to show that Defendant was deliberately indifferent to a serious medical need; and (3) Defendant is entitled to qualified immunity from suit. ECF Doc. 54. Because the undersigned finds that Plaintiff has failed to allege a claim against Enfinger for deliberate indifference, the undersigned finds it unnecessary to address Defendant's other arguments.

A prison official violates the Eighth Amendment when the official acts with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, the Supreme Court has emphasized that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.

---

[1] Under the Prison Litigation Reform Act, Plaintiff cannot recover more than nominal damages (generally, $1.00) unless he has established a more than *de minimis* physical injury. 42 U.S.C. § 1997e(e); *Brooks v. Powell*, 800 F.3d 1295, 1307 (11th Cir. 2015). Defendant argues Plaintiff has not done that here and, at most, has alleged only that he was in pain during the four (4) days between the fall and his surgery. The undersigned agrees with Defendant that Plaintiff has failed to allege a more than *de minimis* injury and thus would be entitled to only nominal damages. Although Plaintiff alleges "nerve damage" from the crutches, as discussed herein, Defendant did not violate Plaintiff's constitutional rights by prescribing him crutches. Plaintiff, however, has not included nominal damages in his requested relief, and failure to do so warrants a dismissal, unless Plaintiff is given another opportunity to amend. *See Stallworth v. Wilkins*, 802 F. App'x 435 (11th Cir. 2020).

Case No. 3:18cv2121-RV-HTC

1989). Rather, medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (citation omitted).

Mere incidents of negligence or even malpractice do not rise to the level of constitutional violations. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Mandel*, 888 F.2d at 787–88 (noting that mere negligence or medical malpractice is "not sufficient" to constitute deliberate indifference); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (stating that mere medical malpractice does not constitute deliberate indifference).

To state a claim of deliberate indifference to a serious medical need, Plaintiff must allege facts sufficient to establish the following: "(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007)). As an initial matter, and although not seriously disputed by Defendant, the undersigned finds that Plaintiff's condition—a potential broken hip—suffices as a serious medical need. *See Mann*, 588 F.3d at 1307 (citing *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) ("[T]he medical need must be one that, if left

unattended, poses a substantial risk of serious harm."); *Mandel*, 888 F.2d at 788 (holding that a broken hip constituted serious medical need). Indeed, Plaintiff alleges that he arrived to medical in a wheelchair after he had fallen in the shower and was in pain and unable to stand or walk.

Plaintiff, however, has failed to allege facts sufficient to show that Enfinger was deliberately indifferent to that serious medical need.[2] To establish the second element of his claim, Plaintiff must sufficiently allege: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (citing *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004)).

Assuming for purposes of this report and recommendation that Plaintiff has alleged facts sufficient to show that Enfinger was subjectively aware that Plaintiff could have had a broken hip, Plaintiff's claims nonetheless fail because he cannot show that Enfinger's response to that risk was by conduct that was more than mere negligence.[3] Conduct that is more than mere negligence includes: (1) grossly

---

[2] The Defendant also argues Plaintiff has failed to allege any facts sufficient to show causation—that is, Plaintiff has failed to show that any constitutionally deficient conduct by Defendant resulted in any injury to Plaintiff. The undersigned also need not address that argument.

[3] Defendant argues that Plaintiff has not alleged that Enfinger was subjectively aware that Plaintiff had a broken hip. It is true that there are no allegations showing that Enfinger knew Plaintiff's hip was broken; however, for purposes of the report and recommendation, the undersigned finds that Plaintiff has set forth facts sufficient to show that Enfinger was aware Plaintiff had fallen, could not walk or stand, was in pain, and had hit his hip on the ground. Additionally, Defendant was aware of the potential of a broken hip, as she requested an x-ray be performed.

inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all. *Id.* Establishing deliberate indifference requires Plaintiff to show "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). In other words, Defendant's response to Plaintiff's serious medical need must be "poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice." *Id.* at 1258 (citing *Estelle*, 429 U.S. at 105–06).

Plaintiff has not and cannot allege facts sufficient to show that Enfinger acted with deliberate indifference because this is not a case in which Defendant ignored Plaintiff's serious medical need or failed to provide treatment. Rather, it is simply one in which Plaintiff believes he should have received *different* treatment—namely, that he should have been allowed to stay in the infirmary, use a wheelchair, and undergo an x-ray, presumably two (2) days sooner than that which occurred. A mere difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment, however, does not support a claim of cruel and unusual punishment. *See Waldrop*, 871 F.2d at 1033 (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all

other aspects of health care, this remains a question of sound professional judgment.").

Plaintiff alleges that Enfinger was "unprofessional" and that she "disregarded the seriousness of the injury by stating that [he] was just faking [his] injury . . . ." ECF Doc. 23 at 7. Despite what Enfinger may have told Plaintiff, Plaintiff admits that Enfinger examined him and, in fact, treated him. She gave him a pass for (1) ibuprofen, (2) crutches, (3) a low bunk, (4) a lower tier, and (5) an x-ray. ECF Doc. 23 at 7. Plaintiff was seen for that x-ray two (2) days later—on the Monday after his Friday fall—and was immediately taken to the hospital for surgery, which Plaintiff had only two days later. Thus, from November 4 (the date of Plaintiff's fall) to November 9, 2016, Plaintiff received the following: ibuprofen, crutches, a low bunk, a lower tier, an x-ray, and surgery. Moreover, Plaintiff alleges that on November 6, he was taken back to the infirmary at Defendant's request, and there is no indication that he did not stay there until the time of his x-ray.

To the extent that Plaintiff takes issue with not having an x-ray done until Monday, this fact alone is insufficient to allege deliberate indifference. *See Cannon v. Corizon Med. Servs.*, 795 F. App'x 692, 697 (11th Cir. 2019) (holding that a two-day delay in providing an x-ray for Plaintiff's broken leg did not amount to deliberate indifference to his serious medical need). Also, despite Plaintiff's claim that Defendant failed to "follow protocols to contact the [d]octor before making a hasty

decision," ECF Doc. 67 at 4, Plaintiff provides no support for the existence of such "protocols." Further, Plaintiff is not entitled to an examination by a doctor instead of a nurse. *Redding v. Simcox*, No. 4:13CV408-RH/GRH, 2015 WL 1534521, at *8 (N.D. Fla. Apr. 6, 2015).

Similarly, Plaintiff's complaint about being prescribed crutches over the weekend, presumably, rather than a wheelchair, does not rise to a constitutional violation. *See Sistrunk v. Khan*, 931 F. Supp. 2d 849, 858 (N.D. Ill. 2013) (holding that "plaintiff's preference to use a wheelchair is not constitutionally protected"); *id.* at 859 ("The decision to issue the plaintiff crutches instead of a wheelchair when he had one good leg was not so far afield as to 'demonstrate[d] an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances.'" (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011))); *Watts v. Herbick*, No. CIV. A. 07-824, 2009 WL 3152089, at *6 (W.D. Pa. Sept. 28, 2009) ("Even accepting as true that Plaintiff made such a request for a wheelchair and/or crutches and that the Defendants denied his requests, their denials of such requests would not support an Eighth Amendment claim on this evidentiary record because such a denial of the request for a wheelchair/crutches is, at most, negligence, which is simply beneath the constitutional threshold of deliberate indifference."), *aff'd sub nom. Watts v. Herbik*, 364 F. App'x 723 (3d Cir. 2010); *Lee v. Gross*, No. CV 12-04018-R JEM, 2013 WL 5143299, at *6 (C.D. Cal.

Sept. 11, 2013) (dismissing deliberate indifference claim based on prescription of a cane instead of a wheelchair, even though a wheelchair had been prescribed by another physician, and noting that "[n]umerous cases have rejected Eighth Amendment claims where an inmate received a cane or crutches instead of a wheelchair").

Plaintiff's deliberate indifference claim fails as a matter of law because he is not entitled to any particular medical treatment. He is not constitutionally entitled either to "demand specific care" or even to receive the "best care possible"; rather, as an inmate, he is entitled to "reasonable measures to meet a substantial risk of serious harm." *Arnett*, 658 F.3d at 751 (citing *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997)). Simply, Plaintiff cannot state an Eighth Amendment claim against Enfinger for not letting him stay in the infirmary over the weekend or for prescribing him crutches instead of a wheelchair. *See Gorton v. Miller*, No. CIV-07-0284-F, 2008 WL 2790216, at *6 (W.D. Okla. July 17, 2008), *aff'd*, 320 F. App'x 876 (10th Cir. 2009) (dismissing deliberate indifference claim based on failure to prescribe a wheelchair and stating, "At best, therefore, Plaintiff claims a right to a particular course of treatment, a claim insufficient to establish an Eighth Amendment violation"); *Tompkins v. DOC*, 5:10-CV-3224-BO, 2012 WL 965956, at *3 (E.D.N.C. Mar. 21, 2012) (dismissing Eighth Amendment claims where allegations reflected disagreement over provision of crutches instead of a wheelchair and

changes to the inmate's medication, and finding that "[a]t most this is a disagreement between [the inmate] and the medical care provider and fails to state a claim").[4]

The same result would be reached even if Plaintiff's claim of deliberate indifference was based on the use of the crutches causing him nerve damage. *See Callahan v. Poppell,* 471 F.3d 1155, 1160 (10th Cir. 2006) (holding that prisoner failed to show deliberate indifference to serious medical need based on claim that defendants knew he faced a risk of injury if forced to use crutches instead of a wheelchair, and prisoner had no Eighth Amendment right to a particular course of treatment). Plaintiff has alleged no facts showing that Enfinger knew Plaintiff could not use crutches or had any reason to know that Plaintiff would suffer nerve damage by using crutches for, at most, three (3) days.[5] Regardless, even if Enfinger failed to ensure that Plaintiff could use crutches without effort, any such lack of oversight did not rise to the level of a constitutional violation because deliberate indifference requires a showing of "more than mere or gross negligence." *Sistrunk*, 931 F. Supp. 2d at 859 (quoting *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006)) (finding

---

[4] *See Wandell v. Koenigsmann*, No. 99-CV-8652, 2000 WL 1036030, at *4 (S.D.N.Y. July 27, 2000) (collecting cases holding that "[w]hether an injured prisoner should be provided crutches is a medical judgment as to the appropriate course of treatment, and disagreement with that decision is not actionable under the Eighth Amendment").

[5] The undersigned notes that while Plaintiff alleges he suffered nerve damage from using crutches, such allegation is at odds with Plaintiff's seemingly minimal use of the crutches. Plaintiff alleges he could not use his crutches over the weekend, ECF Doc. 23 at 7–8, and further alleges he was in a wheelchair on November 6 and was wheeled to the infirmary, ECF Doc. 23 at 8.

no deliberate indifference regardless of whether the defendant failed to ensure plaintiff could use crutches).

At the end of the day, even if Defendant was negligent and should have prescribed a different course of treatment, Defendant's actions in this case do not rise to the level of deliberate indifference. *See, e.g.*, *Kruse v. Williams*, 592 F. App'x 848, 859 (11th Cir. 2014) (determining that a nurse's diagnoses and quality of care, even if subpar, do not necessarily rise beyond a "colorable claim of medical malpractice" to deliberate indifference); *Chatham v. Adcock*, 334 F. App'x 281, 288 (11th Cir. 2009) ("As long as the medical treatment provided is 'minimally adequate,' a prisoner's preference for a different treatment does not give rise to a constitutional claim."); *Barr v. Fla. Dep't of Corr.*, No. 10-21890-CV, 2011 WL 1365552, at *4 (S.D. Fla. Apr. 11, 2011) (holding that a misdiagnosis leading to the improper insertion of a feeding tube does not rise to the level of deliberate indifference necessary for a 42 U.S.C. § 1983 claim).

## IV.  CONCLUSION

For the reasons set forth above, the undersigned finds that Plaintiff has failed to allege facts sufficient to show that Defendant was deliberately indifferent to a serious medical need. To the contrary, based on the factual allegations in the amended complaint, it is clear that Plaintiff could set forth no facts to support an Eighth Amendment claim against Enfinger, even if he were given a second

opportunity to more carefully craft his complaint. Thus, the undersigned finds that a second amendment would be futile, and Defendant's motion to dismiss should be granted.

Accordingly, it is RESPECTFULLY RECOMMENDED:

1. Defendant's motion to dismiss (ECF Doc. 54) be GRANTED.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 29th day of September 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**